UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
LIONEL HERNANDEZ, *DKT#:*

Plaintiff, **COMPLAINT**

- against - **JURY TRIAL DEMANDED**

**ECF CASE**

CITY OF NEW YORK, and
DETECTIVE LUIS BERRIO (shield 7298);
DETECTIVE ARTEMIO VEGA (shield 5137)
DETECTIVE LARRY MARAJ (shield 04801),
UNDERCOVER POLICE OFFICER #5058,
UNDERCOVER POLICE OFFICER 328 of Narcotics Borough Manhattan North
UNDERCOVER POLICE OFFICER #321 of Narcotics Borough Manhattan North
POLICE OFFICER "JOHN DOE" #1 through #10,
individually and in their official capacity.
(the name "John Doe" being fictitious, or an alias,
as the true names are presently unknown),

Defendants.
-------------------------------------------------------------------x

Plaintiff, LIONEL HERNANDEZ, by his attorney, Law Office of SOPHIA SOLOVYOVA, PC, complaining of the defendants, respectfully sets forth and alleges that:

I. INTRODUCTION

1. Plaintiff brings this action for compensatory damages, punitive damages, and attorney's fees pursuant to 42 U.S.C §§ 1983, 1985, and 1988, for violations of Plaintiff's civil rights under the said statutes and the Constitutions of the State of New York and the United States.

II. JURISDICTION

2. Jurisdiction of this Court is invoked pursuant to and under 28 U.S.C. Sections 1331 and 1343 in conjunction with the Civil Rights Act of 1871, 42 U.S.C. Section 1983, in conjunction with the First, Fourth and Fourteenth Amendments to the United States Constitution and the laws.



3. The Plaintiff also invokes the jurisdiction of this Court in conjunction with the Declaratory Judgment Act, 28 U.S.C. Sections 2201, et seq., this being an action in which the Plaintiff seeks, in addition to monetary damages, whatever other relief is needed to provide full and complete justice including, if appropriate, declaratory and injunctive relief.

4. This is an action in which the Plaintiff seeks relief for the violation of his rights as guaranteed under the laws and Constitution of the United States.

### III. VENUE

5. Venue resides in this Court pursuant to 28 U.S.C. Section 1391 (b). The Plaintiff resides within the geographic boundaries of this District; and the events giving rise to the asserted claims took place in the geographic boundaries of this District.

### IV. JURY DEMAND

6. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, the Plaintiff requests a jury trial on the merits of his several claims.

### V. CONDITIONS PRECEDENT

7. That Notices of Plaintiff's claims, the nature of the claims and the date, time, place and the manner in which the claims arose was duly served upon the City of New York, on April 8, 2016 and June 14, 2016.

8. That Plaintiff submitted to a 50-H hearing as requested and conducted by defendants.

9. That more than thirty days have elapsed since the Notice of claim has been served upon defendants and the said defendants have neglected or refused to make any adjustment or payment thereof.

10. That this action was commenced within one year and ninety days after the causes of action arose.

### VI. JURY DEMAND

11. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R.

Civ. P. 38(b).

VII. PARTIES

12. Plaintiff, LIONEL HERNANDEZ, is a Hispanic male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

13. Defendant, The City of New York, was and is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

14. The City of New York maintains the New York City Police Department, authorized to perform all functions of a police department as per the applicable section of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, the City of New York.

15. That at all times hereinafter mentioned, the individually named defendants, were duly sworn police officers of the City of New York Police Department and were acting under the supervision of said department and according to their official duties.

16. That at all relevant times, the defendants, either personally or though their employees, were acting under color of state law and /or in compliance with the official rules, laws, regulations, statutes, usages and/or practices of the State of New York and the City of New York.

17. That each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope and in the furtherance of their employment by defendant, City of New York.

18. Upon information and belief, Defendant Police Officer John Doe #1 through 10, a natural person, was an employee of Defendant City and is being sued individually and in his or her official capacity.

VIII. FACTUAL ALLEGATIONS

Plaintiff's Arrest on October 19, 2015

19. On or about October 19, 2015, at approximately 12:55 P.M., Plaintiff was walking to

his aunt's residence at 17 Post Avenue, New York, New York, when he stopped to smoke a cigarette with his friend and codefendant Edgar Erickson ("Mr. Erickson"), on a bench in front of 22 Post Avenue located across the street from the building where Plaintiff's aunt resided. Minutes later, Mr. Erickson walked away, leaving Plaintiff on the bench alone.

20. At the aforementioned time and place, Defendant Undercover Police Officer # 5058 (UC5058) wearing a black hoodie approached Plaintiff and grabbed him in an aggressive manner. UC5058 placed Plaintiff against a wall, patted him down and searched him.

21. As a result of the foregoing, Plaintiff sustained bruising from being aggressively grabbed and thrown during his arrest by UC5058.

22. No illegal substances and no police marked money were found in Plaintiff's possession during the search.

23. Nevertheless, Plaintiff was placed under arrest, handcuffed, and was crammed into the back of a police van with six other men who were already in custody. Detective Luis Berrio and several other police officers participated in the arrest of the Plaintiff.

24. Plaintiff was brought to the 34th Precinct where he was fingerprinted, photographed, and searched.

25. At the precinct, Plaintiff was placed into a holding cell for several hours without being apprised of the charges against him. Plaintiff was distraught and repeatedly asked the Officers why they arrested him. At no time did the defendant officers inform Plaintiff of the charges against him.

26. Despite the fact that the Plaintiff did not have any police marked money or controlled substance on him, defendant Police Officers arrested Plaintiff and subjected him to criminal prosecution.

27. Plaintiff's arrest and prosecution were conducted without probable cause and was conducted with malice.

28. Respondent spent approximately 24 hours in custody before he was arraigned.

29. Plaintiff was charged with Criminal Sale of Marijuana in the 4th Degree (NYPL §221.40), Criminal Possession of Marijuana in the Fifth Degree (NYPL §221.10), and Unlawful Possession of Marijuana (NYPL §221.05).

30. Plaintiff was subject to criminal prosecution in New York County Criminal Court (Docket# 2015NY067876) from October 19, 2015 to March 29, 2016.

31. Plaintiff came to court several times and was preparing for trial.

32. On or about March 29, 2016, Plaintiff's case was dismissed pursuant to NY CPL § 30.30 speedy trial provisions.

### Plaintiff's Arrest on January 9, 2016

33. On or about January 9, 2016, at approximately 1:00 P.M., Plaintiff was on his way to his aunt's residence at 17 Post Avenue, New York, New York, when he saw a friend, Roselio Gomez, and stopped to talk to him. Plaintiff and Mr. Gomez were in front of 20 Post Avenue, across the street from the building where Plaintiff's aunt resided.

34. At the aforementioned time and place, four unmarked police vehicles, one of which was a van, approached Plaintiff and Mr. Gomez.

35. Defendant Police Officers, in plain clothes, exited the vehicle and approached Plaintiff. One of the defendants aggressively grabbed Plaintiff's arm with a tight grip while another police officer held Plaintiff in place.

36. The officers proceeded to pat down and search Plaintiff.

37. No illegal substance was found in Plaintiff's possession during the search.

38. No police marked money was found in Plaintiff's possession during the search.

39. At the same time, and without advising Plaintiff of his Miranda rights, the officers interrogated Plaintiff about a crime, which he was not involved in.

40. At the aforementioned time and place, Police Officer L. Maraj, Shield # 04801, exited one of the police vehicles at the scene and instructed the officers to arrest Plaintiff.

41. Plaintiff recognized Officer Maraj from a previous false arrest that occurred on May 12, 2012, for which Plaintiff brought a false arrest lawsuit against the City of New York and Detective Larry Maraj in the Federal Court of the Southern District of New York. (Docket# 13-CV-3838). Plaintiff and the City of New York settled the case involving Officer Maraj in 2013 for $37,000.

42. Plaintiff's arrest was without probable cause and was conducted with malice and in retaliation. Detective Artemio Vega, undercover officers #321 and 328, and several other police officers participated in the arrest of the Plaintiff.

43. The officers tightly handcuffed Plaintiff, placed him in the back of a police van, and took him to the 34th Precinct where he was fingerprinted and photographed.

44. At the precinct, Plaintiff witnessed Officer Maraj enter the precinct and walk around the area where Plaintiff was being held. Plaintiff called Officer Maraj over and Officer Maraj responded by coming aggressively toward Plaintiff and standing excessively close to him, "in his face." Plaintiff asked Officer Maraj for his name and badge number, to which Officer Maraj responded with only his first name. Plaintiff proceeded to ask Officer Maraj why he was arrested and for the charges against him, but received no answer.

45. At the precinct, Plaintiff was escorted to a private room where he was interrogated without being apprised of his Miranda rights. Plaintiff was not informed of the charges against him.

46. Plaintiff was in custody for about 12 hours before he was arraigned.

47. Plaintiff was charged with Criminal Sale of Marijuana in the 4th Degree (NYPL §221.40).

48. Plaintiff was subject to criminal prosecution in New York County Criminal Court (Docket# 2016NY003200) from January 9, 2016 to August 29, 2016.

49. Plaintiff came to court several times and was preparing for trial.

50. On or about August 29, 2016, Plaintiff's case was dismissed pursuant to NY CPL § 30.30 speedy trial provisions.

51. There was no probable cause or other lawful basis for the October 19, 2015 stop, detention and eventual custodial arrest of the Plaintiff by the New York City Police Officers, each of whom is an agent and employee of the City of New York;

52. The Plaintiff was subjected to unreasonable, unnecessary and excessive force in connection with the October 19, 2015 stop, detention, and custodial arrest.

53. While the October 19, 2015 actions and conduct of the New York City Police Officers were unlawful they were taken in the course of their duties and functions and incidental to the otherwise lawful performance of those duties and functions as New York City Police Officers and as agents and employees of the City of New York.

54. The Plaintiff was unlawfully stopped and detained on October 19, 2015 since there was no basis whatsoever (reasonable suspicion or otherwise) for the stop and detention; and he was subjected to a false arrest and unlawful custodial detention and imprisonment; and the Plaintiff was subjected to unreasonable and unnecessary force associated with his stop, detention, and custodial arrest and as well to unnecessary, excessive and unreasonable terms and conditions of his custodial arrest.

55. There was no probable cause basis or other legitimate law enforcement justification for charging the Plaintiff with criminal activity.

56. Such preferral of the charges against the Plaintiff was malicious; and it was not designed to advance of a legitimate law enforcement purposes but, rather, to advance a personal end.

57. The Plaintiff was subjected to excessive and unnecessary and unreasonable physical force by Defendants.

58. There was no basis for the January 9, 2016 stop and detention of the Plaintiff.

59. There was no probable cause for the January 9, 2016 arrest of the Plaintiff or for the preferral of charges against the Plaintiff or for the prosecution of the Plaintiff.

60. The preferral of the charges against the Plaintiff was retaliatory and malicious; and it was not designed to advance of a legitimate law enforcement purposes but, rather, to advance a personal end.

61. There was no justification for the unnecessary, unreasonable, and excessive terms and conditions of the Plaintiff's January 9, 2016 detention and custodial arrest, to which he was subjected as a consequence of his January 9, 2016 stop, detention, and custodial arrest and the preferral of criminal charges associated therewith.

62. The actions and conduct of the Defendant officers, individually and collectively and independent of each other and together collectively, violated rights guaranteed to the Plaintiff under the Civil Rights Act of 1871, 42 U.S.C. Section 1983 and the First, Fourth, and Fourteenth Amendments to the United States Constitution.

63. On information and belief, prior to and including January 9, 2016, the City of New York developed and maintained policies or customs exhibiting deliberate indifference to the constitutional rights of persons in the City of New York, which caused the violation of Plaintiff's rights.

64. On information and belief, it was the policy and/or custom of the City of New York to inadequately and improperly investigate citizen complaints of police misconduct; and acts of misconduct were instead tolerated by the City of New York.

65. On information and belief, it was the policy and/custom of the City of New York and its Police Department to inadequately screen, hire, train, supervise and discipline its police officers, including the Defendant officers, for their propensity for violence, excessive force and restraint, for racial bias, and for their failure to protect citizens from unconstitutional conduct of other police officers, thereby permitting and allowing the Defendant officers to be

in a position to assault, unlawfully restrain, falsely arrest, and unlawfully imprison Plaintiff; and otherwise cause him injury and violate his state and federal constitutional rights.

66. On information and belief, the Defendant officers have been the subject of prior civilian and departmental complaints that put, or should have put, the Defendant City of New York and its Police Department on notice that the defendant officers were likely to engage in conduct that would violate the civil and constitutional rights of the public, such as the conduct complained of by the Plaintiff herein.

67. Furthermore, the City of New York and its Police Department did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct.

68. As a result of the above described policies and customs, police officers of the City of New York, including the Defendant officers, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned but would be tolerated.

69. The above described policies, practices, and customs demonstrated a deliberate indifference on the part of the policymakers of the City of New York to the state and federal guaranteed constitutional and statutory rights of persons within the City.

70. The above described policies and practices and customs propelled the actions and conduct of the Defendant police officers.

71. The Plaintiff was unlawfully stopped and detained and falsely arrested and subjected to malicious prosecution and to the malicious abuse of criminal process and to retaliation and to excessive and unreasonable and unnecessary force and excessive and unreasonable conditions of his stops, detentions, and custodial arrests.

72. The actions, conduct, policies and practices and customs herein described violated the Plaintiff's rights as guaranteed under the First, Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

73. The Plaintiff suffered injuries and damages including loss of liberty, fear, anxiety, mental distress, emotional anguish, and psychological trauma and physical pain and suffering.

74. The Plaintiff has not yet placed a monetary value on the damages which he incurred although he believes them to be substantial and to include compensatory and punitive damages.

75. The Plaintiff has no other adequate remedy at law but for the institution of this litigation.

## IX. CAUSES OF ACTION

### FIRST CAUSE OF ACTION

76. The Plaintiff reiterates Paragraph #'s 1 through 75 and incorporates such by reference herein.

77. On October 19, 2015 and again on January 9, 2016, the Plaintiff was unlawfully stopped and detained and arrested in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

78. The Plaintiff suffered injuries and damages.

### SECOND CAUSE OF ACTION

79. The Plaintiff reiterates Paragraph #'s 1 through 78 and incorporates such by reference herein.

80. The Plaintiff was subjected to malicious abuse of criminal process as a consequence and as part of both the October 19, 2015 and January 9, 2016 stops, detentions, arrests, and preferral of charges associated therewith in violation of his rights as guaranteed under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

81. The Plaintiff suffered injuries and damages.

### THIRD CAUSE OF ACTION

82. The Plaintiff reiterates Paragraph #'s 1 through 81 and incorporates such by reference herein.

83. The Plaintiff was subjected to malicious prosecution as part of his arrest and preferral of charges against him associated therewith the October 19, 2015 and January 9, 2016 arrests, which were which propelled by malice, in violation of rights guaranteed to the Plaintiff under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

84. The Plaintiff suffered injuries and damages.

## FOURTH CAUSE OF ACTION

85. The Plaintiff reiterates Paragraph #'s 1 through 84 and incorporates such by reference herein.

86. The Plaintiff's stop, detention, arrest and the preferral of charges against him and all associated with the stop, detention, and arrest and preferral of charges were in retaliation against the Plaintiff for bringing a civil lawsuit against Defendant Maraj.

87. The Plaintiff suffered injuries and damages.

## FIFTH CAUSE OF ACTION

88. The Plaintiff reiterates Paragraph # 's 1 through 87 and incorporates such by reference herein.

89. In connection with both the October 19, 2015 and January 9, 2016 events, the Plaintiff was subjected to unnecessary, unreasonable and excessive force in violation of his rights as guaranteed under the Fourth Amendment to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

90. The Plaintiff suffered injuries and damages.

## SIXTH CAUSE OF ACTION

91. The Plaintiff reiterates Paragraph #'s 1 through 90 and incorporates such by reference herein.

92. The Plaintiff was subjected to excessive and unreasonable detention and to excessive and unnecessary and unreasonable physical force [related to his handcuffing] and to unnecessary and unreasonable and excessive terms and conditions of his seizure in violation of his rights

as guaranteed under the Fourth and Fourteenth Amendments to the United States Constitution, the Civil Rights Act of 1871, 42 U.S.C. Section 1983, and the laws and Constitution of the State of New York.

93. The Plaintiff suffered injuries and damages.

## SEVENTH CAUSE OF ACTION

94. The Plaintiff reiterates Paragraph #'s 1 through 93 and incorporates such by reference herein.

95. The policies, practices and customs herein described propelled the actions and conduct herein. Those policies, practices, and customs violated the Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. Section 1983.

96. The Plaintiff suffered injuries and damages.

## EIGHTH CAUSE OF ACTION

97. The Plaintiff reiterates Paragraph #'s 1 through 96 and incorporates such by reference herein.

98. When the City of New York represents its Officers in federal civil rights litigations alleging unconstitutional actions by its officers (which is almost always the case in 99.99 percent if not more of the situations where an Officer seeks representation), it is believed that it ordinarily and uniformly and as a matter of policy and practice indemnifies its Officers for any award of both punitive damages and compensatory damages.

99. It is believed that the Officer-employee executes a retainer indemnification and representation letter which requires the Officer-employee, in return for indemnification, to subordinate his or her interests to the interest of his/her employer and indemnifier –the Defendant City of New York.

100. It is believed, moreover, that, when a judgment is obtained against a New York City Police Officers for an Officer's violation of an individual's federally guaranteed

Constitutional and civil rights and where the Officer has been represented by the New York City Attorney's Office and where the City of New York has paid the judgment of damages (compensatory and/or punitive damages), the Officer almost never has been subjected to a New York City Police Department disciplinary hearing and/or the imposition of discipline; and it is believed that, when a settlement has been made in such a litigation, the Officer ordinarily is never even informed of such.

101. It is believed, moreover, that when a judgment is obtained against a New York City Police Officer being represented by the New York City's attorney office for the violation of an individual's constitutional and civil rights, the City of New York takes no action whatsoever to address such and discipline and/or train-retrain the Officer in any form or fashion for his or her unlawful and unconstitutional conduct and/or that the City does not change those policies and practices that propelled said conduct.

102. The City of New York is, under the circumstances, the real party in interest.

103. The named and unnamed individual Defendants are employees and agents of the City of New York and their conduct, as described, was taken in the course of their duties and functions as New York City Police Officers and, in their capacities as such, as agents and employees of the City of New York.

104. Their actions and conduct, while unlawful and unconstitutional, nonetheless were actions and conduct taken to the otherwise lawful performance of their duties and functions as agents and employees of the City of New York.

105. The Plaintiff is entitled to recover against the City of New York for the conduct of its named and unnamed Officers *under the federal claim jurisdiction* pursuant to the doctrine of *respondeat superior*.

## PENDANT STATE CLAIMS

## FIRST CLAIM FOR RELIEF

## FALSE ARREST, MALICIOUS PROSECUTION, ASSAULT AND BATTERY UNDER NEW YORK STATE COMMON LAW

106. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" though "105" with the same force and effect as if fully set forth herein.

107. Defendants were directly and actively involved in the arrest, and initiation and continuation of criminal proceedings against LIONEL HERNANDEZ.

108. Defendants lacked probable cause to arrest and initiate and to continue criminal proceedings against LIONEL HERNANDEZ.

109. Defendants acted with malice in initiating and continuing criminal proceedings against LIONEL HERNANDEZ.

110. Notwithstanding the conduct of the Defendants, the criminal proceedings were terminated in LIONEL HERNANDEZ's favor when all criminal charges against him were dismissed.

111. As a result of the foregoing, Plaintiff's liberty was restricted for an extended period of time and Plaintiff was put in fear for his safety, was humiliated and subjected to handcuffing, strip-search, and other physical restraints and inappropriate touching, all without probable cause and plaintiff sustained loss of earnings, loss of enjoyment of life, loss of liberty, emotional distress, mental anguish, embarrassment, and humiliation, shame, indignity, damage to reputation, incurred monetary costs, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## NEGLIGENCE

112. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "111" with the same force and effect as if fully set forth herein.

113. That Defendants had a duty to Plaintiff to refrain from subjecting him to malicious prosecution.

114. That the Defendants breached that duty when they subjected Plaintiff to malicious

14

prosecution.

115.    The Plaintiff's injuries were proximately related to the actions of the Defendants.

116.    That the foregoing injuries sustained by the Plaintiff were caused solely by reason of the carelessness, negligence, wanton and willful disregard on the part of the Defendants and without any negligence on the part of the Plaintiff, contributing thereto.

<div style="text-align:center">

THIRD CLAIM FOR RELIEF
NEGLIGENT SUPERVISION

</div>

117.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "116" with the same force and effect as if fully set forth herein.

118.    Defendant CITY OF NEW YORK is required to supervise its various agents, servants, and employees, employed by the Defendant CITY OF NEW YORK.

119.    That CITY OF NEW YORK created an unreasonable risk of harm to Plaintiff by failing to adequately supervise, control or otherwise monitor the activities of its employees, servants, and/or agents, including the defendants in this case.

120.    That the defendant, CITY OF NEW YORK, caused damages by way of its negligent supervision; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant, CITY OF NEW YORK.

<div style="text-align:center">

FOURTH CLAIM FOR RELIEF
NEGLIGENT TRAINING

</div>

121.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "120" with the same force and effect as if fully set forth herein.

122.    Defendant CITY OF NEW YORK is required to adequately train its various agents, servants, and employees, including the defendants in this matter.

123.    Defendant CITY OF NEW YORK created an unreasonable risk of harm to plaintiff by failing to adequately train its various agents, servants, and employees, including the defendants in this matter.

124.     That the defendant, CITY OF NEW YORK, caused damages by way of its negligent training; and, the Plaintiff is entitled to recover against defendants for his injuries, damages and losses caused by defendant.

<div align="center">

FIFTH CLAIM FOR RELIEF
VICARIOUS LIABILITY and RESPONDEAT SUPERIOR

</div>

125.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "124" with the same force and effect as if fully set forth herein.

126.     That the corporate defendant, CITY OF NEW YORK, is liable to the Plaintiff for the acts and omissions and negligence of its various agents, servants, and employees, including the defendants in this matter., under the legal theories of "Vicarious Liability" and "Respondeat Superior".

<div align="center">

DAMAGES AND RELIEF REQUESTED

</div>

1. The Plaintiff suffered injuries and damages.
2. WHEREFORE and in light of the foregoing, it is respectfully requested that the Court assume jurisdiction and:

   [a] Invoke the jurisdiction of this Court.

   [b] Award appropriate compensatory and punitive damages.

   [c] Award appropriate declaratory and injunctive relief.

   [d] Empanel a jury.

   [e] Award attorney's fees and costs.

   [f] Award such other and further relief as the Court deems to be in the interest of justice.

Dated:  New York, NY
        January 16, 2017

By:     _____/s/_____
        Sophia Solovyova, Esq.
        *Attorney(s) for the Plaintiff*
        65 Broadway; Suite 734

New York, NY 10006
212 379 6471